UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND M. KRUSHIN,  :  <br>     Plaintiff  : <br>   : <br> v.   : <br>   : <br>   : <br> GENE FISCHI, ET AL.,   : <br>     Defendants   : | CIVIL NO. 4:CV-04-2151 <br><br> (Judge McClure) |

## **ORDER**

April 27, 2005

**Background**

Raymond M. Krushin, an inmate presently confined at the Luzerne County Correctional Facility, Wilkes-Barre, Pennsylvania, initiated this pro se civil rights action. The required filing fee has been paid. An answer to the complaint was submitted on December 13, 2004. Presently pending are seven (7) motions by the Plaintiff requesting leave to take depositions upon written questions of five (5) correctional officials who are named as Defendants in this action.

On November 3, 2004, Krushin filed a motion requesting leave to take depositions upon written questions of Defendants Gene Fischi and Joe Morris. See Record document no 35. Plaintiff next filed a motion on January 14, 2005, seeking permission to take a deposition upon written questions of Defendant Jackie Grimes.

1

<u>See</u> Record document no. 87.  Similar motions were subsequently submitted regarding  Defendant James Larson (Record document nos. 101 & 120); Defendant  Fischi (Record document nos. 104 & 111); Defendant Morris (Record document no. 103);  Defendant Grimes (Record document no. 120); and Defendant Ronald Orkwis (Record document no. 120).

**<u>Discussion</u>**

Federal Rule of Civil Procedure 26 provides in relevant part as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
>
> . . .
>
> The frequency or extent of use of the discovery methods . . . shall be limited by the court if it determines that:  (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the

2

>
> issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(1), (2).

It is well-settled that Rule 26 establishes a liberal discovery policy. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 507-08 (1947); Great West Life Assurance Co. v. Levithan, 152 F.R.D. 494, 497 (E.D. Pa. 1994). As a general rule, therefore, discovery is permitted of any items that are relevant or may lead to the discovery of relevant information. Hicks v. Big Bros./Big Sisters of Am., 168 F.R.D. 528, 529 (E.D. Pa. 1996); Transcontinental Fertilizer Co. v. Samsung Co., 108 F.R.D. 650, 652 (E.D. Pa. 1985).

Relevancy is not limited to the precise issues set out in the pleadings. Caruso v. Coleman Co., 157 F.R.D. 344, 347 (E.D. Pa. 1994). Instead, discovery requests "may be deemed relevant if there is any possibility that the information [requested] may be relevant to the general subject matter of the action." Id. Moreover, discovery need not be confined to items of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence. Callahan v. A.E.V., Inc., 947 F. Supp. 175, 177 (W.D. Pa. 1996); Momah v. Albert Einstein Medical Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996); Miles v. Boeing Co., 154 F.R.D. 117 (E.D. Pa. 1994).

3

Although "the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits." Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A., 144 F.R.D. 258, 265 (E.D. Pa. 1992) (citations omitted). The court will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information. S.S. Fretz, Jr., Inc. v. White Consol. Indus., Inc., No. 90-1731, 1991 WL 21655, at *2 (E.D. Pa. Feb. 15, 1991); M. Berenson Co. v. Faneuil Hall Marketplace, Inc., 103 F.R.D. 635, 637 (D. Mass. 1984); see generally 8 Charles Alan Wright, et al., Federal Practice and Procedure §§ 2007-2013 (2d ed. 1990).

Plaintiff has filed motions and incorporated notices indicating his desire to undertake depositions by written questions of five (5) correctional officials. Krushin is requesting leave of Court before proceeding with the depositions. It is initially noted that the Plaintiff's requested depositions appear to be a legitimate use of discovery. However, the notices previously submitted to this Court did not specify a date, time, or location where the deponents should appear. It has also not been established that the Plaintiff has tendered payment of the required witness fees or established that he has sufficient assets to cover the expenses of taking of multiple depositions by written questions.

However, in order to resolve this issue, Plaintiff's motions will be granted and he will be granted thirty (30) days from the date of this Order in which to properly serve notice and schedule the taking of depositions by written question of the five (5) correctional officials listed above.  Krushin is forewarned that he is solely responsible for the timely payment of all related fees and costs. Furthermore, if he fails to timely make all necessary arrangements and pay all related costs, the five (5) correctional officers are under no obligation to appear for said depositions.  Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motions to take depositions upon written questions (Record document nos. 35, 87, 101, 103, 104, 111, and 120) are granted.

2. Within thirty (30) days of the date of this Order, Plaintiff may serve the five (5) correctional officials with notice of depositions by written questions.  The notices shall specify the time, place and date of the depositions.

3. Plaintiff is solely responsible for timely payment of all fees and costs related to the taking of the depositions.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge