UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND M. KRUSHIN,           :
    Plaintiff                :
                             :
v.                           :  CIVIL NO. 4:CV-04-2151
                             :
                             :  (Judge McClure)
GENE FISCHI, ET AL.,         :
    Defendants               :

## ORDER

July 12, 2005

### Background

Raymond M. Krushin, an inmate presently confined at the Luzerne County Correctional Facility, Wilkes-Barre, Pennsylvania, initiated this pro se civil rights action. Presently pending are is Plaintiff's motion requesting that the Defendants be compelled to provide him with a copy of a "Consent Decree" from approximately 1985 or 1986 which dealt with conditions of confinement at the Luzerne County Correctional Facility. Record document no. 96, p. 1.

### Discussion

Federal Rule of Civil Procedure 26 provides in relevant part as follows:

> Parties may obtain discovery regarding any matter, not
> privileged, which is relevant to the subject matter
> involved in the pending action, whether it relates to the
> claim or defense of the party seeking discovery or to the
> claim or defense of any other party, including the
> existence, description, nature, custody, condition, and
> location of any books, documents, or other tangible

> things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
>
> . . .
>
> The frequency or extent of use of the discovery methods . . . shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(1), (2).

It is well-settled that Rule 26 establishes a liberal discovery policy. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 507-08 (1947); Great West Life Assurance Co. v. Levithan, 152 F.R.D. 494, 497 (E.D. Pa. 1994). As a general rule, therefore, discovery is permitted of any items that are relevant or may lead to the discovery of relevant information. Hicks v. Big Bros./Big Sisters of Am., 168 F.R.D. 528, 529 (E.D. Pa. 1996); Transcontinental Fertilizer Co. v. Samsung Co., 108 F.R.D. 650, 652 (E.D. Pa. 1985).

Relevancy is not limited to the precise issues set out in the pleadings. Caruso v. Coleman Co., 157 F.R.D. 344, 347 (E.D. Pa. 1994). Instead, discovery requests "may be deemed relevant if there is any possibility that the information [requested] may be relevant to the general subject matter of the action." Id. Moreover, discovery need not be confined to items of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence. Callahan v. A.E.V., Inc., 947 F. Supp. 175, 177 (W.D. Pa. 1996); Momah v. Albert Einstein Medical Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996); Miles v. Boeing Co., 154 F.R.D. 117 (E.D. Pa. 1994).

Although "the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits." Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A., 144 F.R.D. 258, 265 (E.D. Pa. 1992) (citations omitted). The Court will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information. S.S. Fretz, Jr., Inc. v. White Consol. Indus., Inc., No. 90-1731, 1991 WL 21655, at *2 (E.D. Pa. Feb. 15, 1991); M. Berenson Co. v. Faneuil Hall Marketplace, Inc., 103 F.R.D. 635, 637 (D. Mass. 1984); see generally 8 Charles Alan Wright, et al., Federal Practice and Procedure §§ 2007-2013 (2d ed. 1990).

Krushin's motion and supporting brief offer no clear explanation as to how a Consent Decree from 1985-86 is relevant to the subject matter of his present

action. Plaintiff has failed to present any argument which would establish that a Consent decree issued almost twenty years ago is relevant or could lead to the discovery of relevant information. Since Krushin's motion fails to satisfy the relevancy requirements and additional standards of Rule 26, it will be denied. Consequently,

**IT IS HEREBY ORDERED THAT**:

>Plaintiff's motion to compel production of a copy of a 1985-86 Consent Decree (Record document no. 96) is denied.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge