UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND M. KRUSHIN, :
    Plaintiff :
:
v. : CIVIL NO. 4:CV-04-2151
:
: (Judge McClure)
GENE FISCHI, ET AL., :
    Defendants :

## ORDER

September 15, 2005

**Background**

Plaintiff has numerous motions pending before the court, which will be resolved as follows:

1. <u>Motion for summary judgment in regards to plaintiff's motion for leave to file an amended complaint</u> (Rec. Doc. No. 125, filed March 2, 2005). No brief was filed in support of this motion, contrary to LR 7.5. Therefore, as provided in that rule, the motion shall be deemed to be withdrawn.

In any event, the motion is not fundamentally one for summary judgment, but rather one seeking the court to rule upon an outstanding motion for leave to file an amended complaint. (Rec. Doc. No. 107, filed February 11, 2005). That motion was denied as moot by order of July 14, 2005.

Rec. Doc. No. 125 is deemed withdrawn.

2. <u>Motion for deposition upon written questions re: defendant Joseph</u>

Morris (Rec. Doc. No. 127, filed March 3, 2005). A brief was filed in support of this motion. No opposing brief has been filed. The motion is therefore deemed unopposed. LR 7.6.

There is no need for plaintiff to seek leave of court for taking the testimony of any person, including a party, by deposition upon written questions. Fed.R.Civ.P. 31(a)(1). However, leave of court must be obtained if the person to be examined is confined in prison or under other circumstances which do not appear to be applicable here. Fed.R.Civ.P. 31(a)(2).

Rec. Doc. No. 127 is denied as moot.

3.  Motion to impose sanctions upon the defendants and their counsel (Rec. Doc. No. 129, filed March 3, 2005). A brief was filed in support of the motion. No opposing brief has been filed and, therefore, the motion is deemed unopposed. LR 7.6. However, the court, as a general rule, will not impose sanctions unless and until there has been a violation of an order granting a motion to compel.

Rec. Doc. No. 129 is denied as premature.

4.  Motion for summary judgment re: deposition upon written question(s) (Rec. Doc. No. 211 [sic.], defendant Gene Fischi (Rec. Doc. No. 136, filed March 9. 2005. A brief was filed in support of the motion. No opposing brief was filed and, thus, the motion is deemed unopposed. LR 7.6.  Again, the motion is not

2

one appropriately characterized as one for summary judgment, but rather a request to rule upon a previous motion, namely, the motion for deposition upon written questions docketed to rec. doc. no. 111. However, the motion docketed at rec. doc. no. 111 was granted by order of April 27, 2005. Even though, as previously indicated, no motion is needed.

Rec. Doc. No. 136 is denied as moot.

5.  <u>Motion for summary judgment re: defendant James Larsen's motion for deposition upon written questions</u> (Rec. Doc. No. 143, filed March 15, 2005). A brief was filed in support of the motion. No opposing brief was filed and, therefore, the motion is deemed unopposed. LR 7.6. Again, the motion is not one appropriately characterized as one for summary judgment. Plaintiff is seeking a ruling on his motion for deposition upon written questions of James Larsen, filed February 22, 2005. His previous motion was docketed at Rec. Doc. No. 120 and was granted by order of April 27, 2005.

Rec. Doc. No. 143 is denied as moot.

6.  <u>Motion for an order compelling discovery</u> (Rec. Doc. No. 151, filed March 29, 2005). A brief was filed in support of the motion. No opposing brief has been filed and, thus, the motion is deemed unopposed. LR 7.6.

A hearing will be held on the motion.

7.  <u>Motion for order compelling discovery</u> (Rec. Doc. No. 156, filed April 6, 2005). A brief was filed in support of the motion. No opposing brief has

been

3

filed and, thus, the motion is deemed unopposed.  LR 7.6.

A hearing will be held on the motion.

8. <u>Motion for appointment of counsel</u> (Rec. Doc. No. 164, filed April 22, 2005).  No supporting brief was filed and none is required.  LR 7.5.

The court has denied plaintiff's two prior motions for appointment of counsel and circumstances have not changed so as to warrant a different result.

Rec. Doc. No. 164 is denied.

9. <u>Motion to impose sanctions</u> (Rec. Doc. No. 199, filed June 13, 2005).  A brief was filed in support of the motion.  No opposing brief has been filed and, therefore, the motion is deemed unopposed.   LR 7.6.

As a general rule, the court will not impose sanctions unless there has been a violation of a court order, such as an order granting a motion to compel.  The motion for sanctions is therefore premature.

Rec. Doc. No. 199 is denied as premature.

10. <u>Motion for court appointed experts and expert opinions</u> (Rec. Doc. No. 200, filed June 13, 2005).  A brief was filed in support of the motion.  No opposing brief was filed, and, therefore, the motion is deemed unopposed.   LR 7.6. The court does not have funds available to pay experts on behalf of <u>pro se</u>

4

plaintiffs in civil rights cases.  The motion will therefore be denied.

Rec. Doc. No. 200 is denied.

11.     <u>Motion for imposition of sanctions upon defendant Grimes and her counsel, Dougherty, Leventhal & Price</u> (Rec. Doc. No. 203, filed June 28, 2005). A brief was filed in support of the motion and a brief was also filed in opposition to the motion.  In fact, the opposing brief (Rec. Doc. No. 242) was an omnibus brief stated as being in opposition to plaintiff's briefs filed to Rec. Doc. Nos. 204, 207, 211 and 227, being in opposition to plaintiff's four motions docketed to Rec. Doc. Nos. 203, 206, 210 and 226.

As a general rule, the court will not impose sanctions unless there has been a violation of a court order, such as an order granting a motion to compel.  The motion for sanctions is therefore premature.

Rec. Doc. No. 203 is denied as premature.

12.     <u>Motion for imposition of sanctions upon defendants Fischi, Morris, Larsen and Orkwis, and their attorneys, Dougherty, Leventhal & Price</u> (Rec. Doc. No. 206, filed June 28, 2005).  A brief was filed in support of the motion. Defendants filed the omnibus opposing brief referenced above (Rec. Doc. No. 242).

As a general rule, the court will not impose sanctions unless there has been a violation of a court order, such as an order granting a motion to compel.  The

motion for sanctions is therefore premature.

Rec. Doc. No. 206 is denied as premature.

13.     <u>Motion for order compelling discovery</u>  (Rec. Doc. No. 209, filed July 6, 2005).  No brief was filed in support of the motion; therefore, the motion is deemed withdrawn.  LR 7.5.

14.     <u>Motion to compel discovery</u>  (Rec. Doc. No. 210, filed July 6, 2005).  A brief was filed in support of the motion.  Defendants filed the omnibus brief in opposition referenced above (Rec. Doc. No. 242).  A hearing will be held on the motion to compel.

15.     <u>Motion for leave to file an amended complaint</u> (Rec. Doc. No. 221, filed July 13, 2005).  A brief was filed in support of the motion.  No opposing brief was filed and, therefore, the motion was deemed unopposed.  However, a proposed amended complaint was not filed.  Accordingly, the court directed plaintiff to file a proposed amended complaint within twenty (20) days of the date of the order.  Plaintiff complied and a proposed amended complaint was filed on July 27, 2005, although the proposed amended complaint was erroneously docketed as a motion to amend complaint. Defendants will be given one further opportunity to oppose the motion for leave to file an amended complaint, should they wish to do so.  This motion may have escaped defendants' attention in view of the large number of motions that have been filed by plaintiff.

16. <u>Motion for an order compelling discovery</u> (Rec. Doc. No. 226, filed July 20, 2005). A brief was filed in support of the motion. Defendants filed the omnibus opposing brief referenced above (Rec. Doc. No. 242). A hearing will be held on the motion.

17. <u>Motion to amend complaint</u> (Rec. Doc. No. 232, filed July 27, 2005). This document is not a motion, as the docket entry indicates, but rather plaintiff's proposed amended complaint filed in response to the court's order of July 14, 2005. The clerk is directed to change the docket entry to "Proposed Amended Complaint."

18. <u>Plaintiff's motion for summary judgment</u> (Rec. Doc. No. 238, filed August 2, 2005). A brief was filed in support of the motion. Again, the motion is not one appropriately characterized as a motion for summary judgment, but rather a motion requesting the court to rule upon plaintiff's motion for imposition of sanctions docketed at no. 203).

Rec. Doc. No. 238 is denied.

19. <u>Motion in opposition to the defendants motion for leave to file an omnibus brief in opposition to plaintiff's briefs filed as Docket Numbers 204, 207, 211 and 227</u> (Rec. Doc. No. 246, filed August 17, 2005). A brief was filed in support of the motion. No opposing brief has been filed.

The document, although characterized as a "motion," is in the nature of a

7

brief in opposition to the defendants' motion for leave to file an omnibus brief. Nevertheless, on August 16, 2005, the court granted defendants' motion requesting leave to file an omnibus opposing brief and accepted the same for filing. This "motion" is therefore denied.

20. <u>Motion for a pretrial conference</u> (Rec. Doc. No. 249, filed August 29, 2005). A brief has been filed in support of the motion. No brief in opposition has as yet been filed.

The court agrees that a conference is desirable to bring some order to this litigation.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's motion for summary judgment in regards to plaintiff's motion for leave to file an amended complaint (Rec. Doc. No. 125, filed March 2, 2005) is deemed withdrawn.

2. Plaintiff's motion for deposition upon written questions re: defendant Joseph Morris (Rec. Doc. No. 127, filed March 3, 2005) is denied as moot.

3. Plaintiff's motion to impose sanctions upon the defendants and their counsel (Rec. Doc. No. 129, filed March 3, 2005) is denied as

premature.

4. Plaintiff's motion for summary judgment re: deposition upon written questions (Rec. Doc. No. 136, filed March 9, 2005) is denied as moot.

5. Plaintiff's motion for summary judgment re: defendant James Larsen's motion for deposition upon written question (Rec. Doc. No. 143, filed March 15, 2005) is denied as moot.

6. Plaintiff's motion for appointment of counsel (Rec. Doc. No. 164, filed April 22, 2005) is denied.

7. Plaintiff's motion to impose sanctions (rec. Doc. No. 199, filed June 13, 2005) is denied as premature.

8. Plaintiff's motion for court appointed experts and expert opinions (Rec. Doc. No. 200, filed June 13, 2005) is denied.

9. Plaintiff's motion for imposition of sanctions upon defendant Grimes and her counsel, Dougherty, Leventhal & Price (Rec. Doc. No. 203, filed June 28, 2005) is denied as premature.

10. Plaintiff's motion for imposition of sanctions upon defendants Fischi, Morris, Larsen and Orkwis, and their attorneys, Dougherty, Leventhal & Price (Rec. Doc. No. 206, filed June 28, 2005) is denied as premature.

9

11. Plaintiff's motion for order compelling discovery (Rec. Doc. No. 209, filed July 6, 2005) is deemed withdrawn.

12. The clerk is directed to recharacterize the docket entry with regard to Rec. Doc. No. 232, filed July 27, 2005, as a "Proposed Amended Complaint", rather than a "Motion to Amend Complaint."

13. Plaintiff's motion for summary judgment (Rec. Doc. No. 238, filed August 2, 2005) is denied.

14. Plaintiff's motion in opposition to the defendants motion for leave to file an omnibus brief in opposition to plaintiff's briefs filed as Docket Numbers 204, 207, 211 and 227 (Rec. Doc. No. 246, filed August 167, 2005) is denied.

15. Defendants are directed to file within twenty (20) days a brief in response to plaintiff's motion to amend his complaint (Rec. Doc. No. 221, filed July 13, 2005), giving consideration to the proposed amended complaint (Rec. Doc. No. 232, filed July 27, 2005).

16. Plaintiff's motion for a pretrial conference (Rec. Doc. No. 249, filed August 29, 2005) is granted.

17. A hearing will be held on plaintiff's various outstanding motions to compel, namely Rec. Doc. No. 151, filed March 29, 2005, Rec. Doc. No. 156, filed April 6, 2005, Rec. Doc. No. 210, filed July 6, 2005

and Rec. Doc. No. 226, filed July 20, 2005.

18. The hearing on the motions to compel and the pretrial conference will be scheduled after the pleadings are complete.

　　s/ James F. McClure, Jr.　　
JAMES F. McCLURE, JR.
United States District Judge
