UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND M. KRUSHIN,        :
      Plaintiff            :
                           :
v.                         :   CIVIL NO. 4:CV-04-2151
                           :
                           :   (Judge McClure)
GENE FISCHI, ET AL.,       :
      Defendants           :

## **ORDER**

June 20, 2006

**Background**

    Raymond M. Krushin initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983 regarding his prior confinement in the Luzerne County Correctional Facility, Wilkes-Barre, Pennsylvania. Service of the complaint was previously ordered.

    On January 20, 2006, Defendants filed a motion (Record document no. 265) requesting entry of summary judgment. A brief in support of the motion was timely filed. By Order dated March 13, 2006, Plaintiff was granted an enlargement of time to March 31, 2006 in which to file a response to the summary judgment motion. After Plaintiff again failed to respond to the motion for summary judgment, Defendants filed a motion to dismiss pursuant to M.D. Pa. Local Rule 7.6.[1]  See Record document no. 273.

---

[1] Local Rule 7.6 provides that documents opposing any pre-trial motion,

(continued...)

When Plaintiff failed to respond to either of those dispositive motions, this Court issued an Order on June 2, 2006, granting Krushin a final opportunity to June 16, 2006 in which to file and serve responses to the pending dispositive motions.[2] The Order, citing the standards announced in Link v. Wabash Railroad Co. 370 U.S. 626, 629 (1962); Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); and Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991),  forewarned Plaintiff that failure to timely respond would be deemed a failure to prosecute and result in dismissal of his action with prejudice under Rule 41(b).

**Discussion**

The relevant time period established by the June 2, 2006 Order has passed and Krushin has not responded to either of the pending dispositive motions nor sought an enlargement of time in which to do so.  Furthermore, Krushin has not made any submissions to this Court since his March 3, 2006 request for an

---

[1](...continued) including an opposing brief, are to be filed within fifteen (15) days after service of the movant's brief.  Local Rule 7.6 warns that "[a]ny respondent who fails to comply with this Rule shall be deemed not to oppose such motion."

[2] M.D. Pa. Local Rule 7.6 provides that documents opposing any pre-trial motion, including an opposing brief, are to be filed within fifteen (15) days after service of the movant's brief.  Local Rule 7.6 warns that "[a]ny respondent who fails to comply with this Rule shall be deemed not to oppose such motion."

enlargement of time.

Failure to prosecute an action may warrant dismissal under Federal Rule of Civil Procedure 41(b), which in pertinent part, provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any Order of Court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the Court in its Order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication on the merits. The granting of an unopposed summary judgment motion is within the discretion of the court.

In Poulis, the Third Circuit instructed the district court to consider six (6) factors in considering whether to dismiss a complaint with prejudice where the plaintiff's counsel failed to conduct discovery and file a pre-trial statement within deadlines set by the Court: (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was wilful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense. See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863 (3d Cir. 1994). Based on the Plaintiff's complete lack of action since March, 2006, and his prolonged failure to respond to either of the pending dispositive motions, an application of the Poulis factors weighs in favor of dismissal.

The Plaintiff's failure to respond to this Court's June 2, 2006 Order is deemed a failure to prosecute and his action is hereby dismissed, with prejudice. Consequently,

**IT IS HEREBY ORDERED THAT**:

1. Plaintiff's failure to respond to the Order of June 2, 2006, is deemed a failure to prosecute this action.

2. In accordance with Federal Rule of Civil Procedure 41(b), Plaintiff's action is hereby dismissed, with prejudice.

3. The Defendants' motion for summary judgment (Record document no. 265) and motion to dismiss (Record document no. 273) are dismissed as moot.

4. The Clerk of Court shall close this case.

5. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge